LOCAL 1115 PENSION FUND By Jay SACKMAN and Sheldon Katz as Trustees of the Local 1115 Pension Fund, Plaintiffs,

v.

LOCAL 144 HOSPITAL PENSION FUND By Frank RUSSO, Jerome Ottley, Luis Gomez, Weiner Volney, Steven Reday, Robert Buck, Thomas Puzo, Patrick Mceneaney, Alan Kopman and Henry Olshin as Trustees of Local 144 Hospital Pension Fund, Defendants.

92 Civ. 9504 (RPP).

United States District Court, S.D. New York.

Dec. 21, 1994.

Law Offices of Richard M. Greenspan, P.C. by Gary Rothman, Ardsley, NY, for plaintiff.

Vladeck, Waldman, Elias & Engelhard, P.C. by James Wasserman, New York City, for defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Local 144 Hospital Pension Fund by its individual trustees (the "Defendant") moves for summary judgment in this action brought by the trustees of Local 1115 Pension Fund (the "Plaintiff"). The Plaintiff cross-moves for summary judgment.

■ This action seeks an order requiring a transfer of assets and liabilities from Defendant to Plaintiff pursuant to Section 4235 of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1415.[1] Plaintiff commenced its action following a change in the collective bargaining unit certified by the National Labor Relations Board ("NLRB") for the service and maintenance employees of Syosset Hospital (the "Employer"). Prior to December 4, 1991, Local 144 Nursing Home Hospital and Allied Services Union was certified collective bargaining representative of those employees. On December 4, 1991, the NLRB, following an election campaign, certified Local 1115 Hospital and Service Employees Union as the collective bargaining representative of Syosset Hospital's service and maintenance

1. The MPPAA amendments, 29 U.S.C. § 1381, et seq., were included by a new subtitle, "Subtitle E–Special Provisions for Multi–Employer Plans."

employees. Prior to the election and certification, Defendant received contributions from the Employer for pensions for the employees in the unit pursuant to a collective bargaining agreement. After the election, Local 1115 negotiated a collective bargaining agreement with the Employer which provides for contributions to Plaintiff for the pensions of the employees in the unit. In May 1992, Plaintiff requested that the Defendant transfer to Plaintiff all the assets and liabilities attributable to the unit employees pursuant to 29 U.S.C. § 1415. In December 1992, this action was commenced. In July 1994, Defendant notified Plaintiff that the assets and liabilities were not transferable under ERISA because Plaintiff is a defined contribution plan or individual account plan under 29 U.S.C. § 1002(34), whereas Defendant is a defined benefit plan under 29 U.S.C. § 1002(35).

Plaintiff maintains that since both plans are multi-employer plans, it is entitled under 29 U.S.C. § 1415 to receive the assets and liabilities attributable to the unit's employees now represented by Local 1115 and that the fact it is a defined contribution plan is immaterial.

Defendant bases its argument on 29 U.S.C. § 1321(a) of Title IV of ERISA which is entitled "Plans covered" and states:

> Except as provided in subsection (b) of this section, this section applies to any plan . . . .

Subsection (b) of Section 1321 then states:

> This section does not apply to any plan (1) which is an individual account plan as defined in Paragraph (34) of Section 1002 of this title . . . .

Section 1002(34) reads as follows:

> The term, "individual account plan" or "defined contribution plan" means a pension plan which provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account.

Accordingly, the Defendant argues that Section 1415 is governed by these definitions and only mandates a transfer of assets and liabilities between defined benefit plans. Defendant's argument is based in part on Judge Sprizzo's holding in *Demisay v. Local 144, Nursing Home Pension Fund*, 710 F.Supp. 58 (S.D.N.Y.1989), *rev'd on other grounds*, 935 F.2d 528 (2d Cir.1991), *rev'd and remanded*, — U.S. —, 113 S.Ct. 2252, 124 L.Ed.2d 522 (1993). In *Demisay*, employers sought to require the transfer of funds from Local 144 Nursing Home Pension Fund to their own pension and welfare funds, the Southern Funds and were held to lack standing to compel the defendant to adopt assets transfer rules pursuant to 29 U.S.C. § 1414. Judge Sprizzo also pointed out that Section 1414 did not address the fact situation confronting him, a transfer of plan assets where no transfer of liabilities had occurred, *Demisay*, 710 F.Supp. at 66.

*Demisay*, however, is not dispositive when applied to the case at bar. This action is not brought by employers as it was in *Demisay*. Rather, in the matter at hand, another union has been certified by the NLRB as the representative of the bargaining unit, and the multiemployer pension plan operated on behalf of that union and its members in seeking a transfer of assets and liabilities.

Plaintiff argues that Section 1321, upon which Defendant relies, was enacted in 1974 as part of Subtitle B of ERISA relating to Subchapter III Plan Termination Insurance by those plans and the Pension Benefit Guarantee Corporation and argues that the definitions contained therein are not applicable to Section 1415 which is part of Subtitle E.

However, as Defendant points out, the Pension Benefit Guarantee Corporation ("PBGC") has issued regulations applicable to Part 2 of Subtitle E as follows:

> Scope. This part applies to mergers and transfers among multiemployer plans where all of the plans immediately before and immediately after the transaction are multiemployer plans covered by Section 4021(a) of the Act and not excluded by 4021(b). This part applies to those mergers and transfers for which a notice is required to be filed pursuant to Section

4231(b)(1) of the Act after the effective date of this part.

29 C.F.R. § 2672.1(b).

■ Section 4321 of the Act is the provision of ERISA contained in 29 U.S.C. § 1321. A reading of 29 U.S.C. § 1321 makes clear that multiemployer plans which were defined contribution plans could not be intended to be covered by Subtitle E. This confirms the validity of the PBGC regulation. The PBGC is an administrative agency subject to the provisions of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and its decisions are reviewable under the arbitrary and capricious standard found in 5 U.S.C. § 706(2)(A), *Pension Benefit Guar. Corp v. LTV Corp.*, 875 F.2d 1008, 1015 (2d Cir.1989), *rev'd on other grounds*, 496 U.S. 633, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990); PBGC's regulation concerning Part 2 of Subtitle E is dispositive.

Summary judgment for Defendant is granted. Plaintiff's cross-motion for summary judgment is denied.

IT IS SO ORDERED.